IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DELONG, MONICA HARTMAN and CARL MORELAND, *on behalf of themselves and others similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>TRUENERGY SERVICES, LLC,<br><br>*Defendants.* | § § § § § § § § § § § § § § § | **Jury Trial Demanded**<br><br>3:22-cv-01339 |

## CLASS-ACTION COMPLAINT

COME NOW Plaintiffs Michael DeLong, Monica Hartman and Carl Moreland (collectively referred to as "Plaintiffs") individually and on behalf of all others similarly situated, and for their Second Amended Complaint against Defendant TruEnergy Services, LLC ("TruEnergy" or "Defendant"), state as follows:

## BACKGROUND

1.  In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing phone calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

2.  The TCPA affords special protections for people who register their cell phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after being registered on the National Do Not

Call Registry is entitled to recover a penalty of $500 per call, and potentially $1,500 per call if the calling party is determined to have willfully violated the TCPA. *See* 47 U.S.C. § 227(c) *et seq.*

3.  In March 2021 alone, approximately 4.9 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com (last visited Apr. 2, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

4.  Plaintiffs Michael DeLong, Monica Hartman and Carl Moreland bring this case to protect the privacy rights of themselves and a class of similarly situated people who were improperly called on their cell phones by TruEnergy despite registering their numbers on the National Do Not Call Registry.

## PARTIES, JURISDICTION AND VENUE

5.  Michael DeLong is an individual who resides in Arlington, Texas.

6.  Monica Hartman is an individual who resides in Naslet, Texas.

7.  Carl Moreland is an individual who resides in Sulphur Springs, Texas.

8.  Plaintiffs are each "persons" as defined by 47 U.S.C. § 153(39).

9.  Defendant TruEnergy Services, LLC is a Texas limited liability company who at all times material to this Complaint has been in good standing to transact business in the State of Texas.

10. TruEnergy maintains its headquarters or a primary office at 2101 Cedar Springs Road, Suite 1050, Dallas, Texas 75201-2165

11. TruEnergy is a "person" as defined by 47 U.S.C. § 153(39).

12. TruEnergy is an energy brokerage firm based in Dallas.

13. TruEnergy transacts business in Texas and throughout the United States.

14. TruEnergy's website describes itself as "one of the nation's leading energy brokers" that works to "help ensure [its] clients are maximizing their energy savings."

15. TruEnergy's action as described in this Complaint were carried out through its agents, employees, officers, members, directors, and/or principals.

16. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

17. This Court has personal jurisdiction over TruEnergy because TruEnergy maintains an office in the State of Texas, conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

18. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

**Facts as to DeLong:**

19. At all times relevant to this action, Mr. DeLong owned a cell phone, the number for which is 972-XXX-5431

20. DeLong used his cell phone for primarily residential purposes.

21. DeLong sought to protect his right to be left alone from telemarketing calls by registering her cell phone number, (972-XXX-5431, on the Federal Trade Commission's Do Not Call Registry in June 2006.

22. At no point did DeLong provide express written consent for TruEnergy to place telemarketing calls to his cell phone.

23. On various instances in the summer of 2020, TruEnergy called and texted DeLong in connection with power/utility services for which TruEnergy was soliciting business.

24. Those calls were placed to DeLong on January 20, 2020, January 28, 2020 and July 16, 2020.

25. DeLong found the unconsented telephone calls to be irritating, annoying, disruptive and to be an invasion of his privacy.

**Facts as to Hartman:**

26. At all times relevant to this action, Ms. Hartman owned a cell phone, the number for which is 817-XXX-1923.

27. Ms. Hartman used her cell phone for residential purposes.

4

28. Hartman sought to protect her right to be left alone from telemarketing calls by registering her cell phone number, 817-XXX-1923, on the Federal Trade Commission's Do Not Call Registry in August 2020.

29. At no point did Hartman provide express written consent for TruEnergy to place telemarketing calls to her cell phone.

30. On various instances in or around January 2021, TruEnergy called and texted Hartman in connection with power/utility services for which TruEnergy was soliciting business.

31. Those calls were placed to Hartman on January 11, 2021 and January 12, 2021.

32. TruEnergy also sent two text messages to Hartman on or about January 12, 2021.

33. Hartman found the unconsented telephone calls to be irritating, annoying, disruptive and to be an invasion of her privacy.

**Facts as to Moreland**

34. At all times relevant to this action, Carl Moreland owned a cell phone, the number for which is (214) XXX-7628

35. Moreland used his cell phone for residential purposes.

36. Moreland sought to protect his right to be left alone from telemarketing calls by registering her cell phone number, (214) XXX-7628, on the Federal Trade Commission's Do Not Call Registry in June 2003.

37. At no point did Moreland provide express written consent for TruEnergy to place telemarketing calls to his cell phone.

38. On various instances in the summer of 2020, TruEnergy called and texted Moreland in connection with power/utility services for which TruEnergy was soliciting business.

39. Those calls were placed to Moreland on July 8, 2020, July 27, 2020, August 3, 2020, and August 6, 2020.

40. TruEnergy also sent text messages to Moreland on July 29, 2020 and August 7, 2020.

41. Moreland found the unconsented telephone calls and texts to be irritating, annoying, disruptive and to be an invasion of his privacy.

## CLASS ACTION ALLEGATIONS

42. Pursuant to Federal Rules of Civil Procedure Rule 23(a), 23(b)(2) and 23(b)(3), Plaintiff brings this lawsuit as a class action on behalf of herself and on behalf of others similarly situated. This action satisfies the requirements of numerosity, commonality, adequacy of representation and predominance. Only to the extent it is a requirement under applicable law, the proposed class satisfies the elements of ascertainability and typicality.

43. The proposed class that Plaintiffs DeLong, Hartman and Moreland seek to represent is tentatively defined as follows:

> For four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call or text message from TruEnergy (or someone acting on its behalf) during a 12 month period; and, (2) were registered on the Do Not Call Registry for more than 30 days at the time the calls were received.

44. Plaintiffs reserve the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

45. The members of the proposed classes are so numerous that joinder of all members is impracticable. Plaintiffs reasonably believes that hundreds or thousands of people have been

6

harmed by TruEnergy's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to TruEnergy.

46. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

47. On information and belief, TruEnergy has called and continues to call people who are registered on the Do Not Call Registry. It is reasonable to expect that TruEnergy will continue to make such calls absent this lawsuit.

48. On information and belief, TruEnergy has called and continues to place telemarketing calls without first obtaining a registration certificate from the Office of the Secretary of State. It is reasonable to expect that TruEnergy will continue to make such calls absent this lawsuit.

49. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to, whether TruEnergy called cell phone numbers that were registered on the Do Not Call Registry, whether such calls violate the TCPA, whether TruEnergy obtained a registration certificate from the Office of the Secretary of State before placing telemarketing calls, and whether such calls violate the Texas Commercial and Business Code.

50. Only to the extent required by law, Plaintiffs' claims are is typical of the claims of the proposed class members because Plaintiff's claim arose from the same practice that give rise to the claims of the members of the proposed class and is based on the same legal theories. Plaintiff is not different in any relevant matter from members of the proposed class.

51. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiffs' interests do not conflict with the interests of the proposed class he seeks to represent. Plaintiffs have retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law. Plaintiffs' counsel have the resources to litigate this class action, and Plaintiffs and counsel are aware of their responsibilities to the putative members of the class and will discharge those duties. Plaintiffs reserve the right to join other unnamed class members into this lawsuit.

52. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

53. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

54. Questions of law and fact, particularly the propriety of calling cell phone numbers registered on the National Do Not Call Registry, and placing calls to people without first obtaining a registration certificate from the Office of the Secretary of State, predominate over questions affecting only individual members.

55. TruEnergy has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

### Count I - Violations 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act ("TCPA")

56. Plaintiffs incorporate by reference the allegations of the previous paragraphs as if fully stated in this count.

57. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receives more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

58. The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

59. In addition, the TCPA allows the Court to enjoin TruEnergy's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

60. By making calls to the cell phones of Plaintiffs Hartman and DeLong and the putative class members after the numbers were registered on the National Do Not Call Registry, TruEnergy violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

61. TruEnergy knew or should have known that the putative class members had their numbers registered on the Do Not Call Registry.

62. Plaintiffs and the putative class members are entitled to damages of $500.00 per call made by or on behalf of TruEnergy and up to $1,500.00 per call if the Court finds that TruEnergy willfully violated the TCPA.

63. Plaintiffs and the putative class members are entitled to an order from the Court enjoining TruEnergy from violating the TCPA's regulations that prohibit calls to cell phone numbers registered on the Do Not Call Registry.

## Demand for Judgment

WHEREFORE Plaintiffs Michael DeLong, Monica Hartman and Carl Moreland, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against TruEnergy Services, LLC, pursuant to Federal Rule of Civil Procedure Rule 23, certifying this action as a class action and appointing Plaintiffs Michael DeLong, Monica Hartman and Carl Moreland and as representatives of the class;

b. Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates LLC and as counsel for the class;

c. Enter judgment in favor of Plaintiffs and the putative class members for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if TruEnergy willfully violated the TCPA;

d. Enter judgment in favor of Plaintiffs and the putative class members that enjoins TruEnergy from violating the TCPA's regulations by calling cell phone numbers registered on the Do Not Call Registry;

e. Award Plaintiffs and the class all expenses of this action, and requiring defendant

to pay the costs and expenses of class notice and claims administration; and,

  f.  Award Plaintiffs and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs Michael DeLong, Monica Hartman and Carl Moreland demand a jury trial in this case.

         Respectfully submitted,

         */s/ Jacob U. Ginsburg*
         Jacob U. Ginsburg, Esq.
         Kimmel & Silverman, P.C.
         30 East Butler Ave.
         Ambler, PA 19002
         Phone: (215) 540-8888 ext. 104
         (215) 540-8888 Ext. 104
         Facsimile: (877) 788-2864
         Email: jginsburg@creditlaw.com
         teamkimmel@creditlaw.com

         */s/ Christopher E. Roberts*
         Christopher E. Roberts, Esq.
         Butsch Roberts & Associates LLC
         231 S. Bemiston Ave., Suite 260
         Clayton, MO 63105
         Tel: (314) 863-5700
         Fax: (314) 863-5711
         roberts@butschroberts.com

Dated: 06/16/2022

12